IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON BOXUM,

    Plaintiff,

v.                                                           No. 1:25-cv-00345-KWR-LF

TOKYO ELECTRON AMERICA,

    Defendant.

## **ORDER**

THIS MATTER is before the Court on pro se plaintiff Jason Boxum's motions (1) to appoint counsel in this civil lawsuit alleging violations of the Family Medical Leave Act, Americans with Disabilities Act, and New Mexico employment law, Doc. 12; and (2) to extend the deadline to file the joint status report and provisional discovery plan ("JSR") by one month, Doc. 22.  Both motions are denied.

*Motion to Appoint Counsel.*  Plaintiff's motion to appoint counsel states, in its entirety, that "[t]his is a motion for a court appointed attorney," with no citations to the record or legal authority.  Doc. 12 at 1.  It is settled law that "there is no right to counsel in a civil case" absent "exceptional circumstances," *United States v. Hopkins*, No. 2:11-cv-00416-JB-SMV, 2013 WL 12333490, at *2 (D.N.M. Jan. 4, 2013), and the "burden is on the applicant" to demonstrate exceptional circumstances, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  Plaintiff's conclusory assertions do not meet that burden, and the motion to appoint counsel is therefore denied.

*JSR Extension Motion.*  In his extension motion, plaintiff requests that the Court "increase the amount of time" to file the JSR, which is due June 11, 2025, by one "month so that

[plaintiff] can continue to find counsel." Doc. 22 at 1; *see* Doc. 8 (JSR deadline).  Defendant opposes the motion because (1) plaintiff delayed filing his request by a month, and the parties have already expended resources preparing the JSR; (2) plaintiff has been proceeding pro se since he filed his EEOC charge in May 2024, and he "does not demonstrate, in any regard, why one more month will permit him to secure counsel when he has been unable or unwilling to do so for over a year"; and (3) plaintiff did not seek defendant's concurrence before filing the motion, in violation of D.N.M.LR-Civ. 7.1(a).  Doc. 28 at 1–3.  The Court agrees with defendant and therefore denies the extension motion.  Nothing in this order, however, precludes plaintiff from continuing his search for an attorney while this case moves forward.

IT IS THEREFORE ORDERED that plaintiff's motions to appoint counsel (Doc. 12) and extend the deadline to file the JSR (Doc. 22) are DENIED.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge