# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JASON BOXUM,

   Plaintiff,

 v.           Case No. 1:25-cv-00345 KWR/LF

TOKYO ELECTRON AMERICA,

   Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Plaintiff's Objection to Notice of Removal to Federal Court **(Doc. 10)**. The Court interprets this objection as a motion to remand to state court. Having considered the relevant law and the briefing, the Court concludes that Plaintiff's Objection is not well-taken and, therefore, is **OVERRULED**.

Plaintiff argues that the Court should remand this case for lack of subject matter jurisdiction. Plaintiff asserts that the Court lacks federal question jurisdiction. Although Plaintiff acknowledges that he filed federal claims, he asserts that these claims are secondary or ancillary to his state law claim.

A defendant can remove a civil case brought in state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.*, 251 F.3d 1283, 1290 (10th Cir. 2001).

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733

F.3d 980, 985 (10th Cir. 2013). "As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence." *Id.*; *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) (emphasizing the burden is on the party opposing a motion to remand to state court to show jurisdiction by a preponderance of the evidence).

Defendant asserts the court has federal question jurisdiction over this case. District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff [ ] [is] aggrieved." *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) (citing *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)).

"[F]ederal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383, 136 S.Ct. 1562, 194 L.Ed.2d 671 (2016). The creation test "accounts for the vast bulk of suits that arise under federal law." *Gunn*, 568 U.S. at 257, 133 S.Ct. 1059. A federal district court has jurisdiction over cases in which "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, if the federal question does not appear on the face of the plaintiff's complaint, there is no federal question jurisdiction. *Garley*, 236 F.3d at 1207. In determining whether a claim arises under federal law, courts examine the well-pleaded allegations of the complaint and ignore potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

"As a result, the well-pleaded complaint rule is a 'powerful doctrine' that severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1255 (10th Cir. 2022), *quoting in part Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Here, Plaintiff admits that he asserts two federal statutory claims, one under the FMLA and the other under the ADA.  Plaintiff asserts that these claims are secondary or ancillary, and his state law claim is at the heart of his complaint.  But Plaintiff lists two federal statutory claims in his complaint, Counts I and III. "[A] case can 'arise under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (alteration omitted). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Id*. Plaintiff alleges that he is a disabled veteran who was involved in an accident at work. Under Count I he alleges that Defendant retaliated against him for exercising his FMLA rights.  Compl., Doc.  1-1 at ¶ 5. Under Count III, he alleges that he has a disability under the ADA, and his accommodation request was approved. *Id*. He asserts that following an accident at work, he exercised his rights under the FMLA, and applied for short-term disability benefits. *Id.* at ¶ 7. Plaintiff alleges that Defendant's insurance company validated his ADA accommodation request and he was approved for disability leave. *Id.* at ¶¶ 5, 8. He appears to assert his leave was cut short, and he alleges he was wrongfully terminated and discriminated against under the ADA and FMLA. *Id.* at ¶ 13.  In sum, Plaintiff clearly alleges two federal statutory causes of action, and thus this case "arises under" federal law.

Plaintiff asserts that the Court should decline to exercise supplemental jurisdiction over the federal claims under 28 U.S.C. § 1367(c)(2) because the state law claims substantially predominate

over the federal issues. The Court disagrees.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).  This statute gives the Court discretion to decline to exercise supplemental jurisdiction over state law claims it does not have original jurisdiction over. However, the Court has original, not supplemental, jurisdiction over claims which arise under federal law, such as the ADA and FMLA claims.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Thus, the Court cannot decline to exercise supplemental jurisdiction over the federal statutory claims. Even if the Court had discretion to decline to exercise jurisdiction over federal claims, the Court cannot find that state law issues predominate.

    **IT IS THEREFORE ORDERED** that Plaintiff's Objection to Notice of Removal to Federal Court **(Doc. 10)** is **OVERRULED**.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE